DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Lorel Coombs has appealed from a decision of the Lorain County Court of Common Pleas that adjudicated her a sexual predator pursuant to R.C. 2950.09. This Court affirms.
 I {¶ 2} On March 24, 2003, the Lorain County Court of Common Pleas adjudicated Appellant a sexual predator pursuant to R.C.2950.09. Its determination was based on the underlying facts of two indictments from the Lorain County Grand Jury, Case Nos. 00CR057703 and 00CR056599, to which Appellant had previously pleaded guilty.
 {¶ 3} In Case No. 00CR057703, in which Appellant was indicted on April 26, 2000, Appellant was indicted by the Lorain County Grand Jury on four counts: corruption of a minor, a violation of R.C. 2907.04(A); contributing to the delinquency of a minor, a violation of 2919.24(A)(1) and/or (A)(2); illegal use of a minor in a nudity oriented performance, a violation of R.C.2907.323(A)(3)(a); and pandering obscenity involving a minor, a violation of R.C. 2907.321(A)(3). Appellant initially entered a plea of not guilty, but withdrew the not guilty plea and entered a plea of guilty, with count two nolled. Appellant was sentenced to twelve months imprisonment on count one; she received no sentence on count two; she received nine months on count three; and she received one year on count four.
 {¶ 4} In Case No. 00CR056599, Appellant was indicted for tampering with evidence, a violation of R.C. 2921.12(A)(1); and pandering sexually oriented material involving a minor, a violation of R.C. 2907.322(A)(1) and (3). Appellant entered a plea of not guilty, but later pleaded guilty to all counts as amended in the indictment. She was sentenced to six months on count one, which was amended to attempted tampering with evidence, and five years on count two.
 {¶ 5} On December 3, 2001, the trial court adjudicated Appellant a sexual predator and advised her of her duty to register as such. Appellant timely appealed the trial court's determination that she was a sexual predator, and on October 16, 2002, this Court reversed and remanded the trial court's determination because the trial court failed to set forth the basis of its decision in accord with R.C. 2950.09(B)(2), Ohio's sexual predator designation statute. See Statev. Coombs, 9th Dist. No. 02CA007979, 2002-Ohio-5546. On remand, the trial court held a second sexual predator hearing and again adjudicated Appellant a sexual predator.
 {¶ 6} Appellant has timely appealed the sexual predator adjudication, asserting two assignments of error.
 II Assignment of Error Number One
"The trial court erred to appellant's prejudice in violation of the fourteenth amendment to the united states constitution and article one section[s] ten and sixteen of the Ohio constitution by adjudicating appellant a sexual predator in the absence of clear and convincing evidence."
 {¶ 7} In her first assignment of error, Appellant has argued that the trial court erred when it adjudicated her a sexual predator. Specifically, she has argued that she did not meet the statutory definition of a sexual predator because the court lacked clear and convincing evidence that she would engage in one or more sexually oriented offenses in the future as required by Ohio's sexual predator designation statute. We disagree.
 {¶ 8} R.C. 2950.01 et seq. governs the classification of a defendant as a sexual predator. In order to be classified as a sexual predator: (1) a person must be convicted of a sexually oriented offense; and (2) the state must prove by clear and convincing evidence that the defendant is likely to commit another sexually oriented offense. See Statev. Eppinger (2001),91 Ohio St.2d 158, 165; R.C. 2950.01(E)(1). Appellant has not contended that she was not convicted of a sexually oriented offense. Therefore, the only issue to be resolved by this Court is whether the state failed to prove by clear and convincing evidence that Appellant is likely to commit another sexually oriented offense in the future.
 {¶ 9} The standard of clear and convincing evidence requires a degree of proof that produces a firm belief or conviction as to the allegations sought to be established. Eppinger,91 Ohio St.3d at 164. "The appropriate standard of review to be applied in sexual predator adjudications is the clearly erroneous standard." State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6, appeal not allowed, 98 Ohio St.3d 1540, 2003-Ohio-1946. The clear and convincing standard requires this Court to determine whether the record contains competent, credible evidence that would clearly and convincingly support the trial court's conclusion that Appellant was likely to commit another sexually oriented offense in the future. Id., at ¶ 10.
 {¶ 10} Appellant has contended that her classification as a sexual predator is not supported by clear and convincing evidence as required by Eppinger because the trial court "erroneously believed that it could determine [Appellant] to be a sexual predator solely on the facts arising from the underlying [offenses]." Appellant has further argued that the trial court erred when it considered testimony presented by her co-defendants at a separate trial because she did not go to trial and, therefore, had no opportunity to cross-examine or impeach her co-defendants' testimony.[1] She has also argued that she suffered from mental illness at the time the offenses occurred, and that her mental illness should have mitigated her conduct in the eyes of the court.
 {¶ 11} The State has argued, however, that the trial court complied with the requirements set forth in R.C. 2950.01 et seq. when it adjudicated Appellant a sexual predator, and it did present clear and convincing evidence that Appellant would commit a sexually oriented offense in the future. The State has further argued that the trial court properly considered all of the relevant statutory factors when adjudicating Appellant a sexual predator, including the testimony presented by Appellant's co-defendants at a separate trial. In addition, the State has argued that the court-ordered psychological assessment of Appellant clearly indicated that she did not suffer from mental illness.
 {¶ 12} In determining whether an offender is likely to commit another sexually oriented offense, and is, therefore, a sexual predator, R.C. 2950.09(B)(2)[2] requires the trial court to consider all relevant factors including, but not limited to:
"(a) The offender's age;
"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender;
"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 13} In its journal entry dated March 24, 2003, the trial court set forth ten findings in support of its determination that Appellant was a sexual predator. It found the following: (1) Appellant was thirty two years old at the time she committed the underlying offenses and of sufficient age to know the wrongfulness of her actions; (2) Appellant had a prior criminal record; (3) Appellant's victim in the two underlying offenses that resulted in her adjudication as a sexual predator was fourteen years old; (4) Appellant was sentenced in two other related cases for sex offenses involving three other minor victims; (5) alcohol and marijuana were supplied or made available to all of the minor victims; (6) Appellant successfully completed the probation stemming from her earlier criminal convictions; (7) Appellant was not mentally ill at the time she committed the underlying offenses; (8) Appellant engaged in a pattern of criminal conduct; (9) threats or cruelty were not used by Appellant; and (10) Appellant pleaded guilty to two counts of illegal sexual conduct with a minor, her own daughter.
 {¶ 14} Appellant has argued that because she had no prior sexually oriented offenses on her criminal record, the trial court impermissibly relied "solely on the facts arising from the underlying [offenses]" when it adjudicated her a sexual predator. Despite Appellant's argument, this Court has previously held that a single sexually oriented offense can support a sexual predator classification. See e.g. State v. Taylor, 9th Dist. No. 21022, 2002-Ohio-5044, at ¶ 24; State v. Shepherd (Feb. 6, 2002), 9th Dist. No. 20364, appeal not allowed (2002), 95 Ohio St.3d 1486;State v. Malin (Dec. 30, 1998), 9th Dist. No. 97CA006898;State v. Simmons (Feb 6, 2002), 9th Dist. No. 20645, State v.Charlton (Mar. 21, 2001), 9th Dist. No. 20181. Furthermore, the trial court clearly did not rely "exclusively" on the facts arising from the underlying offenses when it adjudicated Appellant a sexual predator. Specifically, the trial court relied upon Appellant's age, prior criminal record, successful completion of parole, other sexually oriented offenses involving minors, and lack of mental illness when it made its decision. As such, we reject Appellant's argument that the trial court relied solely on the facts arising from the underlying offenses when it adjudicated her a sexual predator.
 {¶ 15} In further support of her argument that the trial court lacked clear and convincing evidence to adjudicate her a sexual predator, Appellant has argued that the trial court erred when it considered testimony regarding Appellant that was presented by her co-defendants at a separate trial. At Appellant's sexual predator hearing, the trial court judge stated that "this [c]ourt did hear the trial testimony * * * [and] plans on considering that [testimony.]" Appellant objected to the trial court's decision to consider the testimony presented by her co-defendants, arguing that it was not proper to consider such testimony because she did not go to trial as did her co-defendants.
 {¶ 16} Appellant's interpretation of the rules of evidence and their application to sexual predator hearings is incorrect. It is well settled in Ohio that the rules of evidence do not strictly apply to sexual predator hearings. State v. Cook
(1998), 83 Ohio St.3d 404, 425. It is also well settled that a trial court may rely on hearsay and other evidence which was otherwise inadmissible at a trial when making a sexual predator determination. Unrue, 2002-Ohio-7002, at ¶ 25. As a result, we conclude that the trial court did not err at Appellant's sexual predator hearing when it considered the testimony presented by her co-defendants at a separate trial.
 {¶ 17} Appellant has also argued that the trial court's finding that drugs and alcohol were used or supplied during the commission of the underlying offenses was not supported by clear and convincing evidence. In her brief to this Court, Appellant stated that "[i]t should be noted that although alcohol was supplied and other drugs made available[,] they were not used to impair the victims." She has further argued that "[t]he only evidence the court heard in [regard to the use of drugs and alcohol] was the incredible and self serving version testified to by the co-defendants." Appellant's argument that supplying a non-impairing amount of drugs and alcohol removes her from the ambit of R.C. 2950.09 shocks the conscience of this Court. This Court rejects Appellant's notion that because she believed that she did not supply enough drugs and alcohol to "impair" her victims, all of whom were minors, she did not meet the statutory factor enumerated in R.C. 2950.09(B)(2)(e) with clear and convincing evidence. Appellant had no way of knowing what quantity of drugs or alcohol a minor child need ingest in order to become "impaired." Furthermore, her contention that the only evidence presented to the trial court was the "self serving" testimony presented by Appellant's co-defendants is not supported by the record. In the presentencing report, Appellant herself stated that she provided drugs and alcohol to minors who then engaged in sexual conduct with herself and adult men she allowed into her home. As with other hearsay evidence, a trial court may rely upon statements made in a presentencing report when making a sexual predator determination. Cook, 83 Ohio St.3d at 425. We find that the presentencing report was competent, credible evidence that clearly and convincingly supported the trial court's finding that Appellant provided drugs and alcohol to her victims.
 {¶ 18} Lastly, Appellant has agued that she suffered from mental illness at the time she committed the offenses to which she pleaded guilty, and that her mental illness should have acted to mitigate her conduct in the eyes of the trial court. At the sexual predator hearing, the trial court stated that it would consider the presentencing report when making its decision, which included a statement of mental competency by Dr. Thomas Hagland In the presentencing report, Dr. Hagland stated that in his expert opinion, Appellant was not suffering from a psychiatric ailment at the time she committed the underlying offenses. He also stated that, at the time she committed the underlying offenses, Appellant was capable of appreciating the wrongfulness of her action. As previously stated, the Ohio Supreme Court has held that "a presentenc[ing] report may be relied upon by the trial judge" when conducting a sexual predator hearing. Id. at 425. Consequently, we find that the trial court relied on competent, credible evidence that clearly and convincingly supported its finding that Appellant was not mentally ill at the time she committed the underlying offenses.
 {¶ 19} In sum, this Court finds that the trial court adjudicated Appellant a sexual predator based on the relevant statutory factors which included, but were not limited to, the facts that supported the underlying offenses. We also find that it was proper for the trial court to consider testimony presented by Appellant's co-defendants at a separate trial. Moreover, we find that the trial court's determination that Appellant was not mentally ill at the time she committed the underlying offenses was supported by competent credible evidence. Therefore, this Court finds that the trial court relied upon competent, credible evidence that clearly and convincingly supported its conclusion that Appellant would likely commit a sexually oriented offense in the future. Accordingly, Appellant was properly adjudicated a sexual predator pursuant to R.C. 2950.09. Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"Appellant was deprived of her right to the effective assistance of counsel as guaranteed by the sixth andfourteenth amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution[.]"
 {¶ 20} In her second assignment of error, Appellant has argued that she was not afforded the effective assistance of counsel at her sexual predator designation hearing journalized on March 24, 2003. Specifically, she has argued that she was prejudiced by counsel's performance because counsel failed to call an expert witness to refute the State's evidence against her, and counsel failed to introduce evidence in support of Appellant's contention that she did not meet the statutory requirements meriting a sexual predator designation. We disagree.
 {¶ 21} "A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v. Watson (July 30, 1997), 9th Dist. No. 18215, at 4. Debatable trial tactics do not give rise to a claim of ineffective assistance of counsel. In Re: Simon (June 13, 2001), 9th Dist. No. 00 CA0072, at 4, citing State v. Clayton
(1980), 62 Ohio St.2d 45, 49, cert. denied (1980), 449 U.S. 879,101 S.Ct. 227, 66 L.Ed.2d 102.
 {¶ 22} In order to establish that counsel's performance was ineffective, and not just debatable trial tactics, the defendant must satisfy the following two-pronged test:
"`First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674.
 {¶ 23} The defendant bears the burden of proving prejudice.Colon, 2002-Ohio-3985, at ¶ 49, citing State v. Smith (1985),17 Ohio St.3d 98, 100.
 {¶ 24} Prejudice entails a reasonable probability that, but for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. The court is also to consider "`the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Colon, 2002-Ohio-3985, at ¶ 49, quotingStrickland, 466 U.S. at 690. An appellate court may analyze the prejudice prong of the Strickland test if such analysis will dispose of an Appellant's claim of ineffective assistance of counsel. See Statev. Loza (1994), 71 Ohio St.3d 61, 83.
 {¶ 25} In the instant matter, Appellant has argued that counsel at her sexual predator hearing failed to request an expert witness to "present favorable expert opinion by testimony" or "rebut any unfavorable information presented by the [S]tate[,]" and that such failure resulted in prejudice. Appellant has also argued that counsel failed to present new evidence on her behalf or identify favorable portions of the record before the trial court that would have convinced the court that she did not merit a sexual predator designation. The State, on the other hand, has argued that Appellant has failed to illustrate how counsel was deficient at the sexual predator hearing or that she was denied a fair hearing as a result of counsel's conduct.
 {¶ 26} First, Appellant has argued that counsel's failure to call an expert witness to "rebut any unfavorable information presented by the [S]tate" resulted in prejudice. However, the decision whether to call an expert witness is simply a matter of trial strategy. State v. Coleman (1989), 45 Ohio St.3d 298,307-08. Though viewed primarily as a trial tactic, counsel's decision not to call an expert witness can sustain a claim of ineffective assistance of counsel if an Appellant can prove that prejudice resulted from counsel's decision. Appellant has failed to explain to this Court how she was prejudiced as a result of counsel's decision not to call an expert witness at her sexual predator hearing. Appellant has merely asserted to this Court that an expert witness should have been called to rebut the State's case, but she does not give any indication of what evidence, testimony, or expert opinion would have been presented in that regard. Because Appellant failed to explain to this Court what prejudice occurred as a result of counsel's decision not to call an expert witness, we presume that Appellant suffered no prejudice as a result of counsel's decision.
 {¶ 27} In further support of her argument that she suffered from the ineffective assistance of counsel, Appellant has argued that she was prejudiced by counsel's failure to introduce new evidence or highlight favorable parts of the trial transcript, presentencing report, and other pertinent aspects of Appellant's criminal and social history at the sexual predator hearing. This argument assumes that favorable evidence along with favorable aspects of Appellant's record and history existed and could have been brought to the attention of the trial court at the sexual predator hearing. However, Appellant has failed to indicate to this Court what new evidence or portions of the record existed in support of her claim, and what prejudice resulted from its omission. As a result, we reject Appellant's argument that prejudice occurred.
 {¶ 28} In sum, we find that Appellant has failed to show that prejudice occurred as a result of counsel's performance at the sexual predator hearing. Appellant has also failed to demonstrate that there exists a reasonable probability that the results of the sexual predator hearing would have been different absent counsel's alleged errors. Furthermore, we conclude that counsel's performance did not fall below an objective standard of reasonableness. Appellant's second assignment of error is not well taken.
 III {¶ 29} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Baird, P.J., and Carr, J., concur.
[1] Her co-defendants were Leslie Cavins and James Smelko. These men, along with Appellant, participated in the illegal sexual conduct with minors that served as the basis of Appellant's conviction in the instant matter.
[2] This Court reversed and remanded Appellant's adjudication as a sexual predator that occurred on December 3, 2001. Therefore, this Court will apply the version of R.C. 2950.09 that was in effect on that date.